■ JEREMY SCHAAB, Appellant, v PIPELINE OF SMITHTOWN, INC., Respondent, et al., Defendant. [670 NYS2d 783] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 19, 1997, as denied his cross motion for summary judgment on the issue of liability, and, upon searching the record, granted summary judgment to the defendant Pipeline of Smithtown, Inc., dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, by deleting therefrom the provision which, upon searching the record, granted summary judgment dismissing the complaint insofar as asserted against the defendant Pipeline of Smithtown, Inc.; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, and the complaint is reinstated against that defendant.

This action arises from a two-vehicle collision in which a car driven by the plaintiff, Jeremy Schaab, struck a parked truck owned by the defendant Pipeline of Smithtown, Inc. (hereinafter Pipeline). In his examination before trial the plaintiff asserted that he had been traveling eastbound behind a van for some distance, at a speed of approximately 30 miles per hour, when the van turned left at an intersection, some 30 to 40 feet west of Pipeline's parked truck. The truck was improperly parked three to four feet on the traveled portion of the roadway, which was one lane in each direction. The plaintiff testified that there were cars traveling in the opposite westbound direction at the time of the collision.

The Supreme Court awarded summary judgment to Pipeline on the issue of liability and dismissed the complaint. We disagree.

Under the circumstances of this case, we find that there are triable issues of fact as to the happening of the accident precluding the grant of summary judgment (see, CPLR 3212 [b]). In light of our determination, we need not address the respondent's remaining contention. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.